UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS HANGARTER,

                    Plaintiff,

      v.                                      1:06-CV-0041
                                              (LEK/DRH)

PAUL MORRA, Individually and in his
capacity as a member of the Village of
Tannersville Board; GINA LEGARI,
individually and in her capacity as a member
of the Village of Tannersville Board;
EDWARD LEGG, Individually and in his
capacity as a former member of the Village
of Tannersville Board; GLENN WEYANT,
Individually and in his capacity as Mayor
of the Village of Tannersville; and KEITH
GRIFFIN, Individually and in his
capacity as the former Village of
Tannersville Code Enforcement Officer,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Thomas Hangarter ("Plaintiff") commenced the instant action against Defendants pursuant to 42 U.S.C. § 1983 arising out of their issuance of a stop work order. Plaintiff alleges that the stop work order was an abuse of process in violation of his constitutional rights. Presently before the Court is Defendants' Motion to dismiss pursuant to Federal Rule of Civil Procedure 12 on the ground that the Complaint fails to state a claim upon which relief can be granted. See Motion (Dkt. No. 3).

## I. FACTS

The following facts are taken from Plaintiff's Complaint and, for purposes of the instant Motion, are assumed to be true. See Compl. (Dkt. No. 1).

Plaintiff is the owner and operator of a restaurant and yacht club in Tannersville, New York. On November 1, 2003, Plaintiff was granted a building permit to begin improvements on his property. The permit was issued after the Town of Tannersville Board of Trustees determined that Plaintiff's proposed construction met the Village's setback ordinances. Approximately two months later, on December 20, 2003, the Board of Trustees determined that Plaintiff's project did not meet the setback requirements and, therefore, a stop work order was issued.

Plaintiff alleges that the actions of the Board of Trustees were taken outside of their lawful authority. Plaintiff further alleges that the actions of the Board of Trustees were done with an intent to harm him and for the purposes of helping Defendants' friends, who were Plaintiff's competitors, and because Defendants did not like Plaintiff's clientele, and believed his business caused too much noise.

## II. STANDARD OF REVIEW

"'[A] court may dismiss a complaint [under Federal Rule of Civil Procedure 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). With this standard in mind, the Court will now address the pending Motion.

### III. DISCUSSION

Defendants move to dismiss on the ground that no claim lies under 42 U.S.C. § 1983 for a claim of abuse of civil process.  See Defts' Mem. of Law (Dkt. No. 3, Attach. 4). Plaintiff responds that Defendants should be held accountable under § 1983 for an abuse of civil process - issuing the stop work order.  See Affid. of Helmer (Dkt. No. 9); Plntf's Mem. of Law in Opp. (Dkt. No. 10).

In Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992), the Second Circuit held that "[w]hile section 1983 liability may be predicated upon a claim for malicious prosecution,... it may not be predicated upon a claim for malicious abuse of process."  Simply stated, liability under § 1983 "does not extend to [the initiation of] civil cases or abuse of process cases."  O'Bradovich v. Vill. of Tuckahoe, 325 F. Supp. 2d 413, 425 (S.D.N.Y. 2004). See also Washington v. County of Rockland, 211 F. Supp. 2d 507, 513 n.10 (S.D.N.Y. 2002) ("§ 1983 liability may not be predicated on a claim for malicious abuse of civil process."). Because the allegations in the Complaint concern matters of a civil nature, there is no remedy under § 1983.  Accordingly, the Complaint fails to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED**, and the Clerk of the Court shall **CLOSE** the file in this matter; and it is further

**ORDERED**, that the Clerk serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED: November 27, 2006
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge